**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOHN WAYNE PRIMEAUX, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:06-CV-431-Y** |
| | § | |
| **NATHANIEL QUARTERMAN,  Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner John Wayne Primeaux, Jr., 1009605, is in custody of the Texas Department of

Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ).

### C. FACTUAL AND PROCEDURAL HISTORY

Primeaux is serving an eight-year sentence for his conviction for injury to a child in cause

number 0659736D out of the 297th Criminal District Court of Tarrant County, Texas.  (Petition at 2; Resp't Answer, Exhibit A.)   Although eligible for mandatory supervision release, TDCJ determined that House Bill 1433 (HB 1433),[1] codified as § 508.149(b) of the Texas Government Code, providing for discretionary mandatory supervision release for prisoners whose offenses occurred on or after September 1, 1996, applies to Primeaux. (Resp't Answer, Exhibit B.)  The Texas Board of Pardons and Paroles (the Board) has voted to deny Primeaux release to mandatory supervision under § 508.149(b) on at least four occasions, June 24, 2002, June 28, 2004, May 6, 2005, and April 4, 2006.  (*Id.*)  Primeaux remains in custody without a mandatory supervision release date and a December 26, 2006,  maximum expiration date and is currently parole eligible. (*Id.*)  On August 6, 2004, Primeaux filed a state application for writ of habeas corpus, raising one or more of the claims presented herein, which was denied by the Texas Court of Criminal Appeals on May 25, 2005, without written order.  *Ex parte Primeaux*, Application No. 59,907-01, at cover. Primeaux filed this petition on May 31, 2006.[2]

## D.  ISSUES

Primeaux argues that § 508.149(b) is inapplicable to his case and that the Board's denial of his release to mandatory supervision pursuant to § 508.149(b) violates various constitutional rights. (Petition at 7-8A.)

---

[1]HB 1433, which was passed in 1995 and became effective September 1, 1996, is the legislation that created discretionary mandatory supervision. The bill was originally codified as article 42.18, § 8(c)(1) of the Texas Code of Criminal Procedure.  As noted, it is now codified as § 508.149 of the Texas Government Code and is referenced in these findings and conclusions as § 508.149(b).  TEX. GOV'T CODE ANN. § 508.149(b) (Vernon 2004).

[2]*See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing pro se habeas petition filed when petition is delivered to prison authorities for mailing).

## E.  Rule 5 Statement

Quarterman reserves the right to address the issue of exhaustion pending resolution of the limitations issue.  (Resp't Answer at 3.)  28 U.S.C. § 2254(b), (c).  Notwithstanding the exhaustion requirement, however, a federal court may deny a petition under § 2254 on the merits.  *Id.* § 2254(b)(2).

## F.  Statute of Limitations

Quarterman argues that Primeaux's petition is barred by the federal one-year statute of limitations.  (Resp't Answer at 4-9.)  28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

3

is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, *viz.*, the date on which Primeaux could have discovered, through the exercise of due diligence, the factual predicate of his claims. To the extent Primeaux's claims pertain to the Board's 2002 denial of mandatory supervision release, the factual predicate of the claims was discoverable on June 24, 2002, the date his release was denied. Accordingly, the one-year statute of limitations began to run on June 24, 2002, and expired one year later on June 24, 2002, absent any applicable tolling. Thus, the petition, filed on May 31, 2006, is untimely as to the Board's June 24, 2002, denial.

To the extent Primeaux's claims pertain to the Board's June 28, 2004 denial, the one-year statute of limitations began to run on June 28, 2004, and expired one year later on June 28, 2005. Under the statutory tolling provision, the limitations period was tolled 292 days, during the pendency of his state habeas application, making his petition due on or before April 16, 2006. Primeaux argues he is entitled to additional tolling under the statutory provision because he filed a so-called "petition for reconsideration" with the Board on August 10, 2004, and, as of this date, the Board has not acted on the petition. Although there is support that certain prison administrative remedies, such as a prison grievance or time credit dispute resolution procedures, toll the running of the statute of limitations, no support is found that a petition for reconsideration of the Board's decision to deny mandatory supervision operates to toll the limitations period. Thus, the petition, filed on May 31, 2006, is untimely as to the Board's June 28, 2004, denial.

To the extent Primeaux's claims pertain to the Board's May 6, 2005 denial, the factual

predicate of the claims was discoverable on May 6, 2005, the date his release was denied, and expired one year later on May 6, 2006.  Under the statutory tolling provision, Primeaux's state habeas application, pending at the time of the May 6, 2005 denial, tolled the limitations period for 19 days, making the petition due on or before May 25, 2006.  Thus, the petition, filed on May 31, 2006, is untimely as to the Board's May 6, 2005 denial.[3]  According, the discussion below is relevant only to Primeaux's claims as they pertain to the Board's April 4, 2006 denial of mandatory supervision release.

## G.  DISCUSSION

### 1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  A state court decision will be an unreasonable application of

---

[3]Primeaux neither alleges nor demonstrates sufficiently rare and exceptionable circumstances to justify equitable tolling of the limitations period.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274, F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, as here, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314 (1963);[4] *Schartzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004); *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez*, 274 F.3d at 948 n.11; *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997).

### 2. Application of the Standard to Primeaux's Grounds for Relief

Generally, Primeaux claims TDCJ and/or the Board have violated his federal constitutional rights under the due process, ex post facto, and double jeopardy clauses by misapplying §

---

[4]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

508.149(b) to his case, by denying his release without evidence to support the decision, and by "abrogating" his work time credits.  (Pet'r Memorandum at 6-17, 21-22.)

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief.  *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Nevertheless, the Fifth Circuit has held that the Texas mandatory supervision scheme in place prior to September 1, 1996, created a constitutional expectancy of early release to eligible inmates.  *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).  The Fifth Circuit has yet to rule on whether a federal constitutional expectancy of early release exists under the revised statute, but the Texas Court of Criminal Appeals has held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations.  *See Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).  In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice of the month and year that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–i.e., an opportunity to tender or have tendered to the Board information in support of release.  *See Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Ex parte Geiken*, 28 S.W.3d at 559-60. Further, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release.  *Ex parte Geiken*, 28 S.W.3d at 560.

At the time of the Board's 2005 denial, Primeaux was notified that the Board would review his file again in May 2006.  (Pet'r Memorandum, Exhibit J.)  On January 2, 2006, he was again

notified that his file would be reviewed on May 1, 2006, and was informed that if he wished to submit any additional information, he should do so in writing before March 17, 2006, to the Parole Division.  (*Id.* Exhibit L.)  Thereafter, on April 5, 2006, the Board decided to deny Primeaux discretionary mandatory supervision release and notified him of its decision and the reasons for its decision.  (*Id.*, Exhibit M.)  Accordingly, as a matter of state law, Primeaux was afforded all the due process he was entitled.

Primeaux also claims that application of § 508.149(b) to his case violates his rights under the ex post facto and double jeopardy clauses.  Primeaux's *ex post facto* claim fails because he is serving his eight-year sentence for an injury-to-a-child offense that was committed on June 12, 1997, after the effective date of § 508.149(b).  *See McCall v. Dretke*, 390 F.3d 358, 363-66 (5th Cir. 2004).  Nor does the failure to release Primeaux on mandatory supervision implicate a double jeopardy violation. As a matter of state law, good and work time credits apply only to eligibility for parole or mandatory supervision and do not actually reduce, extend, or otherwise have any effect on the length of sentence imposed on an inmate.  *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994); TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 2004).

Primeaux has failed to prove that a federal constitutional violation occurred.  The state court's determination of the claims presented does not appear to be contrary to or involve an unreasonable application of clearly established federal law nor does it appear to be based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. The state court's adjudication of the issues presented is thus entitled to a presumption of correctness.

## II.  RECOMMENDATION

To the extent Primeaux raises claims relevant to the Board's June 24, 2002, June 28, 2004,

8

and May 6, 2005 denials of mandatory supervision release, the petition for writ of habeas corpus should be DISMISSED as untimely.  To the extent Primeaux raises claims relevant to the Board's April 4, 2006 denial, the petition should be DENIED.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file, not merely place in the mail, specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 14, 2006.  Failure to file specific written objections within the specified time shall bar a de novo determination by the district court of any finding of fact or conclusion of law and shall bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 14, 2006, to serve and file, not merely place in the mail, written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within

seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the  docket of the United States District Judge.

SIGNED August 24, 2006.


_____/s/   Charles Bleil_____

CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE